IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-16J |
| ) | |
| WILLIE GENE GULLEY, JR., ) | JUDGE GIBSON |
| a/k/a "Moses," a/k/a "Head," ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

**AND NOW**, this 30th day of January, 2006, this matter having come before the Court on the Defendant's *pro se* motion entitled "Notice of Issues Want Raise At Suppression Hearing by Attorney" (Document No. 98), and the Court's review of relevant case law regarding hybrid representation, the following determinations are made: specifically, the Court observes that the Defendant in a criminal trial has the right to represent himself, *Faretta v. California*, 422 U.S. 806 (1975), and the Defendant has the right to assistance of counsel, *Powell v. Alabama*, 287 U.S. 45 (1932), however, the Defendant does not have the right to "hybrid representation," partly by counsel and partly by himself. *United States v. Daniela*, 572 F.2d 535, 540 (5th Cir. 1978); *see also United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *Hall Dorsey*, 534 F. Supp. 507, 508 (E.D.Pa. 1982).

The Court also observes that the refusal of courts to permit hybrid representation is based upon a judicial desire to prevent inconsistent or possibly contradictory motions from the Defendant and his counsel, and to prevent an inefficient and wasteful use of the Court's time reviewing duplicative motions or inconsistent motions; accordingly, since the Defendant has asserted his right to proceed through counsel, and to the extent that the present motion can be interpreted to be a *pro se* pretrial

motion, IT IS HEREBY ORDERED THAT the Defendant's *pro se* motion is denied.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

cc:   Willie Gene Gulley, Jr.
      All counsel of record