## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )      CRIMINAL NO. 3:2005-16-1 |
| | ) |
| WILLIE GENE GULLEY, JR., | )      JUDGE GIBSON |
| a/k/a "Moses," a/k/a "Head," | ) |
| | ) |
|              Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant's *pro se* motions entitled "Rule 41(b) With Respect To Property Seized" (Document No. 161) and "41. Rule Motion for the Return of Property" (Document No. 171). Initially, the Court agrees with the Government that such motions are in the character of a civil action for equitable relief as they were filed after the conclusion of the criminal prosecution of the Defendant, but they were improperly docketed by the Clerk as motions under the Defendant's criminal action docket number. *See United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000). Nonetheless, the Court will evaluate these matters under the appropriate standards applicable to motions made pursuant to Federal Rule of Criminal Procedure 41 (g).

Rule 41(g) reads as follows:

(g) **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Defendant, between his two motions, claims the following property was seized but not returned: "Bearcat Scanner Ser # 271191, photos, letters, Nokia Cellphone, 42.00 Cash ID Card Nikkia Hinton, Lock Blade Knife-Purse, Presciction [sic] medications and Black Wallet with 2 Credit Cards, Prison ID of William Gulley, Samsung Cellphone, Title for 1993 GMC $300 cash, Electronic Scale and Gray Safe" and "1993 Mercedes Benz; and a 1993 White Surburban. [sic]" Document No. 161, ¶ 2, Document No. 171, ¶ 2. The Defendant claims that the Johnstown Police Department seized these items and continues to possess them. The Defendant seeks the return of the seized items and seeks to preclude any attempt to relate these seized items to the offenses with which he was charged. Document No. 161, p. 2; Document No. 171 ¶ 5. The Defendant further argues that "[t]he Defendant case in the Commonwealth was bound over and further move jurisdictioned [sic] by the United States District Court for the Western District of Pennsylvania resulting in the trueful [sic] fact that the United States held governing power to any and all alleged evidence seized." Document No. 171, ¶ 4.

In response, the Government argues it never had any type of possession of this property, and thus, this Court is without subject matter jurisdiction over the Defendant's claims. Government's Response (Document No. 173), pp. 2, 4. The Government argues that it never had possession of the property in question as it was initially seized by the Johnstown Police Department in furtherance of a local investigation, and remained in the Department's possession for the duration of the federal prosecution and the Government never exercised constructive possession over the property as it was not considered by the Government to be evidence in the federal prosecution. Government's Response, pp. 3-5. Further, the Government cites *U.S. v. Rowzer*, 201 F.R.D. 516 (D.Kan 2001) in arguing that the fact the Government adopted a state prosecution of the Defendant did not give the Government

2

control over the Defendant's property. Government's Response, pp. 5-6.

"It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *Bein* at 411(citations omitted). A motion filed pursuant to Rule 41(g) is the proper vehicle to request the return of such property used as evidence. *U.S. v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). When, as in the case *sub judice*, the criminal prosecution is completed, the Government bears the burden of "demonstrat[ing] that it has a legitimate reason to retain the property." *Id.* at 377. The Court of Appeals for the Tenth Circuit generally recognized that Rule 41 presents an equitable remedy "available...only if [one] can show irreparable harm and an inadequate remedy at law" but that when the property was initially seized by state law enforcement agencies, three instances permit the use of Rule 41 to return the property held by these non-federal authorities: 1) "actual federal possession of the property forfeited by the state"; 2) "constructive federal possession where the property was considered evidence in the federal prosecution"; or 3) the property "was seized by state officials acting at the direction of federal authorities in an agency capacity." *Clymore v. U.S.*, 164 F.3d 569, 571 (10th Cir. 1999).

The Defendant argues that the property has been, and remains, in the possession of the Johnstown Police Department since its seizure and he fails to allege that it was seized by the local authorities at the direction of the Government, but does allege that the Government, in essence, has control over the property since adopting the state prosecution as a federal prosecution. This argument leads the Court to conclude that circumstances one and three outlined in *Clymore* are not applicable, but that the Defendant is arguing circumstance two where the Government is in constructive possession

3

of the seized items because it has adopted this matter as a federal prosecution.

The Government contends that "none of the property was ever considered by the United States to be evidence in the federal prosecution." Government's Response, p. 4. The plea agreement in the criminal prosecution reveals that the only property that apparently was considered by the Government as evidence was United States currency seized from his apartment: "Willie Gene Gulley, Jr. agrees to execute any and all documents necessary to effect the forfeiture to the Cambria County District Attorney's Office of the cash seized from his residence on June 1, 2004, by the Johnstown Police Department." Document No. 119, ¶ A. 3.

The record of the criminal action reflects that the Government did not give any consideration to any evidence seized other than cash amounting to $8,678.00 (which was forfeited at the time of sentencing, *see* Sentencing Transcript (Document No. 170), pp. 16-17 and Government Sentencing Exhibit 1), and acknowledged the necessary return of $42.00 seized from Ms. Hinton/Defendant's wife, *see* Sentencing Transcript, *supra.* and Plea Agreement, Exhibit "A". Had the Government considered the items, other than the seized cash, as evidence in the federal prosecution, these items would have been set forth in the Government's request for forfeiture and/or labeled in the plea agreement as illegal gains of the drug trade or evidence that was sought to be retained because it was contraband. However, no mention of these items was made in a request for forfeiture, nor was there an indication that they were to be released along with the $42.00. The Court finds that this record stands on its own and there is no need for an evidentiary hearing on this matter to determine if the Government constructively possessed the items seized by the Johnstown Police Department and sought to be returned by the Defendant. Based upon the evidence of record the Court finds that other than $8678.00 forfeited by

4

the Defendant and the $42.00 that was seized by the Johnstown Police Department and is to be returned, no other item was ever considered by the Government to be evidence in the federal prosecution of the Defendant. Therefore, the Court is without subject matter jurisdiction over the items sought to be returned as they are in the possession of the Johnstown Police Department and their return must be sought through the state courts in Cambria County, Pennsylvania. *See U.S. v. Solis*, 108 F.3d 722, 722-723 (7th Cir. 1997); *U.S. v. White*, 718 F.2d 260, 261 (8th Cir. 1983); *U.S. v. Rowzer*, 201 F.R.D. 516, 518-519 (D.Kan. 2001).

**AND NOW,** this 16th day of March, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's *pro se* Motions entitled "Rule 41(b) With Respect To Property Seized" (Document No. 161) and "41. Rule Motion for the Return of Property" (Document No. 171) are DENIED for this Court's lack of subject matter jurisdiction over the items sought to be returned.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

5