# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:05-16 |
| | ) | JUDGE KIM R. GIBSON |
| WILLIE GENE GULLEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Motion and Amended Motion for Reduction of Sentence (Doc. Nos. 189, 191) filed by Willie Gene Gulley, Jr. ("Gulley") pursuant to 18 U.S.C. § 3582(c)(2), which the United States opposes. For the reasons that follow, the Court will **GRANT in part** and **DENY in part** Gulley's motions.

### II. BACKGROUND

On November 15, 2005, Gulley was charged by superseding indictment with: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack") and less than 100 grams of heroin, in violation of 21 U.S.C. § 846; (2) distribution and possession with intent to distribute less than five grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 64). Pursuant to a plea agreement, Gulley pleaded guilty on March 17, 2006 to the conspiracy charge and accepted responsibility for the other charged conduct. (Doc. No. 120). Gulley was subsequently sentenced on December 12, 2006 to a term of imprisonment of 151 months and a five-year term of supervised release. (Doc. No. 158).

Before imposing this sentence, the Court determined that Gulley's final adjusted offense

1

level under section 2D1.1 of the Sentencing Guidelines was 31 and his criminal history category was IV, yielding a guideline range of 151-188 months. Gulley faced a mandatory minimum sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) because the offense to which he pleaded guilty involved 52.81 grams of crack (see Doc. No. 132), but the Court ultimately elected to impose a sentence above this mandatory minimum and at the low end of the guideline range.

On September 3, 2008, Gulley filed an unopposed motion (Doc. No. 183) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2)[1] in light of Amendment 706, the November 1, 2007 amendment that reduced by two the base offense levels for crack offenses under § 2D1.1(c) of the Sentencing Guidelines. As a result of the retroactive application of Amendment 706, Gulley's offense level was reduced from 31 to 29, which resulted in a new guideline range of 121-151 months. The Court granted Gulley's motion on September 8, 2008, and reduced Gulley's term of imprisonment to 121 months. (Doc. No. 184).

On December 20, 2011, Gulley filed a *pro se* motion (Doc. No. 189) seeking another sentence reduction pursuant to § 3582(c)(2), and on January 5, 2012, the Federal Public Defender's office filed an amended motion (Doc. No. 191) on his behalf. In these motions, Gulley requests that the Court reduce his term of imprisonment to 84 months due to the Fair Sentencing Act of 2010 ("FSA") and Amendment 750 to the Sentencing Guidelines.[2] Should the Court conclude that the 120-month mandatory minimum still applies, Gulley alternatively

---

[1] Section 3582(c)(2) allows a court to reduce a term of imprisonment in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

[2] The FSA, which took effect in August 2010, modified the statutory penalties for crack offenses by reducing the crack-to-powder cocaine sentencing ratio from 100:1 to approximately 18:1. See *United States v. Dixon*, 648 F.3d 195, 196-97 (3d Cir. 2011). Amendment 750, which amended the Sentencing Guidelines in accordance with the FSA, became both effective and retroactive on November 1, 2011. See U.S.S.G. app. C., amends. 750, 759 (Supp. Nov. 1, 2011)

requests that the Court reduce his sentence to 120 months. The United States filed a response (Doc. No. 198) opposing Gulley's request to the extent that he seeks a reduction below 120 months. Specifically, the United States concedes that a sentence reduction is appropriate under § 3582(c)(2) because Gulley's guideline range was reduced by Amendment 705 from 121-151 to 84-105 months, but contends that this amended guideline range is subsumed by the un-amended and still-mandatory minimum term of 120 months. Gulley filed a reply (Doc. No. 201) on April 27, 2012, and the matter is now ripe for disposition.

## III. DISCUSSION

In light of the parties' filings, the sole issue before the Court is the extent to which Gulley's sentence may be reduced. In short, if the 120-month mandatory minimum which applied at the time of Gulley's original sentencing still governs, the Court will reduce Gulley's sentence from 121 to 120 months. If instead the reduced mandatory minimum resulting from the FSA and Amendment 750 controls, the Court may impose a sentence below 120 months.

This Court finds that it is bound to apply the 120-month mandatory minimum sentence established by 21 U.S.C. § 841(b)(1)(A)(iii) at the time of Gulley's sentencing. As the United States Court of Appeals for the Third Circuit has stated, the FSA's changes to mandatory minimum crack penalties do not apply retroactively. *United States v. Surratt*, 453 F. App'x 202, 203-04 (3d Cir. 2011) (unpublished) (citing *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010)). Judges in this district have reached the same conclusion. See *Frazier v. United States*, Cr. No. 02-186 & Civ. No. 10-1335, 2012 U.S. Dist. LEXIS 48252, *17 (W.D. Pa. Apr. 5, 2012) (Conti, J.) (explaining that "with respect to mandatory minimum sentences, the [FSA] cannot be retroactively applied to a person who was sentenced prior its enactment") (citation omitted); *United States v. Wells*, Cr. No. 08-68 & Civ. No. 11-627, 2012 U.S. Dist. LEXIS

3

43621, *33 (W.D. Pa. Mar. 29, 2012) (Fischer, J.) (concluding that "any possible change in the applicable advisory guidelines under the FSA has no retroactive effect on the statutory mandatory minimum sentence") (citations omitted); *United States v. Penney*, No. 02:03-cr-0229, 2012 U.S. Dist. LEXIS 12179, *6-7 (W.D. Pa. Feb. 1, 2012) (McVerry, J.) (noting that "while the Sentencing Commission on June 30, 2011, unanimously voted to apply the amended guidelines retroactively to defendants sentenced before the passage of the [FSA], that decision does not affect statutory mandatory minimum sentences"). Defendants—such as Gulley—who committed their offenses and were sentenced before the August 2010 enactment of the FSA are precluded from receiving the benefit of the FSA's statutory changes. *Surrat*, 452 F. App'x at 204 n.1 (citing *Reevey*, 631 F.3d at 114-15).

Accordingly, the Court will reduce Gulley's sentence from 121 months to the statutorily mandated minimum of 120 months. This Court is not empowered to impose a lower sentence. See *Reevey*, 631 F.3d at 113.

### IV. CONCLUSION

For the above-stated reasons, the Court will **GRANT in part** and **DENY in part** Gulley's Motion and Amended Motion for Reduction of Sentence (Doc. Nos. 189, 191). Specifically, the motions are granted to the extent that they seek a sentence reduction from 121 months to 120 months, but denied in all other respects. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:05-16 |
| | ) JUDGE KIM R. GIBSON |
| WILLIE GENE GULLEY, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

AND NOW, this 14th day of May 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Gulley's Motion and Amended Motion for Reduction of Sentence (Doc. Nos. 189, 191) are **GRANTED in part** and **DENIED in part**. To wit, the motions are granted to the extent that they seek a sentence reduction from 121 months to 120 months, but denied in all other respects. An amended judgment will follow.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE