IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : Case No. 3:05-cr-16-KRG-KAP-1
WILLIE G. GULLEY, JR., : (Case No. 3:15-cv-289-KRG-KAP)
     Defendant :

Report and Recommendation

Recommendation

     Movant Willie Gulley filed a *pro se* motion to vacate his supervised release violation sentence in this matter, see docket no. 228, and the motion was referred to me under 28 U.S.C.§ 636(b)(3). The motion should be summarily denied without a certificate of appealability.

Report

     Movant Willie Gulley was prosecuted at this matter, Case No. 3:05-cr-16-KRG-KAP-1, for controlled substances offenses. Pursuant to a plea agreement, movant pleaded guilty and was sentenced on December 13, 2006, to a term of imprisonment (originally 151 months but eventually reduced to 120 months) followed by a 5 year term of supervised release. See docket no. 158 (minute entry), docket no. 159 (judgment and commitment order), and docket no. 203 (amendment to sentence pursuant to 18 U.S.C.§ 3582(c)(2)). For some reason the mandate that issued on March 17, 2014 from the Court of Appeals at No. 12-2556, affirming the amended sentence despite Gulley's argument on appeal that the 120 month minimum should not apply, was never docketed.

After Gulley served his term of imprisonment and was released to supervision in May 2013, he violated his supervised release by committing new controlled substances offenses that were prosecuted at Case No. 3:15-cr-13-KRG-KAP-1. A petition to show cause why Gulley's supervised release should not be revoked was filed in September 2014 at docket no. 209 of Case No. 3:05-cr-16-KRG-KAP-1. I held a probable cause hearing pursuant to Fed.R.Crim.P. 32.1 on January 15, 2015; the revocation hearing was continued several times while counsel negotiated a waiver and plea on the new charges.

Pursuant to a plea agreement, Gulley pleaded guilty at Case No. 3:15-cr-13-KRG-KAP-1 on April 22, 2015, and was sentenced on September 4, 2015 to a 36-month term of imprisonment followed by a 3 year term of supervised release. See docket no. 18 (judgment and commitment order) at Case No. 3:15-cr-13-KRG-KAP-1.

On September 4, 2015, the government orally moved to withdraw the pending supervised release violation petition in this matter and by a text entry dated September 14, 2015, see docket no. 227, the Court granted the motion.

From the foregoing, it can be seen that movant is not serving a term of imprisonment as a result of the revocation of supervised release as asked for in the petition at docket no. 209, nor will he. Because the movant has already been afforded the relief sought in the motion, the motion should be denied as moot.

To the extent movant asks for "bond pending the disposition of this motion," see Motion at 2, that is meritless because his imprisonment is due to his new sentence, and that sentence is not at issue. If movant intends to attack his new sentence at Case No. 3:15-cr-13-KRG-KAP-1, he needs to file a separate motion to vacate to do that.

The government may but need not file a response to the instant motion to vacate. Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 11 November 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Willie G. Gulley Jr., Reg. No. 11148-068
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640